UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

ANTONIO BALBINO DE JESUS,

            Plaintiff,

      - against -

AKAM ASSOCIATES, INC., 166 EAST
96TH STREET OWNERS CORP., GLEN
KAPOOSUZIAN, and EVEREST
SCAFFOLDING, INC.

            Defendants.

------------------------------------------x

09 Civ. 4450 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/09

      Plaintiff Antonio Balbino De Jesus commenced this action on May 8, 2009 to recover damages for personal injuries sustained while performing façade and roof repair work on the building located at 166 East 96th Street in New York City. Specifically, plaintiff asserts negligence claims and violations of Sections 200, 240, and 241(6) of the New York Labor Law against defendants AKAM Associates, Inc., 166 East 96th Street Owners Corp., Glen Kapoosuzian, and Everest Scaffolding, Inc. Defendants AKAM Associates, Inc. and 166 East 96th Street Owners Corp. ("Moving Defendants") filed their answer to the complaint on July 14, 2009, which also brought cross-claims against defendants Glen Kapoosuzian and Everest Scaffolding, Inc. On August 4, 2009,

Moving Defendants requested leave to file a motion to implead plaintiff's employer, Galicia Contracting & Restoration Corp. ("Galicia"), in accordance with Fed. R. Civ. P. 14(a). Moving Defendants' motion is unopposed.

## FACTS

On February 6, 2009, plaintiff, an employee of Galicia, was engaged in construction work at 166 East 96th Street, a building owned by defendant 166 East 96th Street Owners Corp. and managed by defendant AKAM Associates, Inc. While working on the construction project, plaintiff fell from the penthouse roof and sustained unspecified injuries. Moving Defendants assert that their contract with Galicia for the façade and roof repair provides that Galicia will indemnify and defend Moving Defendants for all claims of personal injury and property damage arising from the construction work.

## DISCUSSION

Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to implead a party who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. See Fed. R. Civ. P. 14(a). A defendant may file a third-party complaint, without leave of court, within 10 days after serving the answer; thereafter, however, the third-party plaintiff must obtain leave of court to implead another party. See id. The decision to permit impleader is within the discretion of the court. See Olympic Corp. v. Société

2

Générale, 462 F.2d 376, 379 (2d Cir. 1972). The traditional grounds for an impleader action are indemnification, contribution, or subrogation. See Int'l Paving Sys. Inc. v. Van-Tulco, Inc., 866 F. Supp. 682, 687 (E.D.N.Y. 1994).

Moving Defendants requested leave to file a complaint against Galicia more than 10 days after they answered plaintiff's complaint. As such, the decision to allow the third-party complaint rests squarely with the court.

Moving Defendants' claim for indemnification is precisely the sort of action contemplated by Rule 14(a). They have not tarried in seeking leave to implead Galicia, filing this motion only three weeks after submitting their answer and cross-claims, and no discovery schedule has been set. And because the contract between Moving Defendants and Galicia specifically contemplates indemnification, no prejudice will accrue from permitting Moving Defendants to implead Galicia. Accordingly, the motion for leave to file a third-party complaint is granted.

Dated: New York, New York
November 4, 2009

SO ORDERED

Thomas P. Griesa
U.S.D.J.

3